■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES TARANTOLA, Appellant.—Crew III, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered September 7, 1989, upon a verdict convicting defendant of the crimes of rape in the first degree and sexual abuse in the first degree.

Defendant was indicted on charges of rape in the first degree, sexual abuse in the first degree and assault in the second degree. Following a jury trial, defendant was convicted of the rape and sexual abuse charges and acquitted of the assault charge. Defendant was then sentenced to concurrent prison terms of 7 to 21 years for rape in the first degree and 2 to 6 years for sexual abuse in the first degree.

The principal question on this appeal is whether the cumulative effect of comments made by the prosecutor on summation deprived defendant of his right to a fair trial. We believe that they did. In addition to the testimony of the complainant,

the People adduced the testimony of a State Trooper and a nurse concerning the complainant's allegation of rape, her demeanor following the incident and her physical condition. Defendant testified on his own behalf, admitting to the sexual encounter and claiming it to have been entirely consensual. Additionally, the defense called a friend of the complainant who had been with the two prior to the incident and who testified that the complainant was "flirting" with defendant. During cross-examination of defendant, he admitted that at the time of his arrest he had lied to the police about certain matters, that he was present during the robbery of a man but denied being involved therein, that he was convicted of a burglary, that he had stolen marihuana and currency from someone's automobile, and that he was a marihuana user.

Against this backdrop we turn to the prosecutor's summation. It began: "This isn't even a close case. There isn't even an issue in this case because he took the stand and he just lied to you." The prosecutor continued:

"If you want to name call, let's name call what he did. Let's call him a liar, a thief, a burglar, a robber, a drug user, a person who plays on people's sympathies * * *

"He's not afraid of stealing from people that he doesn't know. He's not afraid of stealing virtue and honesty from a young girl because he's a con man. He's a criminal, and I'll say it and say it loud and clear."

On seven other occasions the prosecutor reminded the members of the jury that they were dealing with a liar, burglar, thief and criminal. The prosecutor thereby inferred defendant's propensity to commit the crime in question based upon his prior criminal acts, and obscured from the jury the fact that his criminal history related solely to his credibility (see, People v Brown, 60 AD2d 917). The prosecutor then compounded his inappropriate references to defendant's past criminal conduct by suggesting that he had engaged in other such conduct which he had concealed from the jury. His remarks follow: "He doesn't know the truth because he can't admit the truth. You see, he's a man who owns up to what he does wrong. But on cross-examination, he only owns up to what he gets caught. How many things hasn't he owned up to that we don't know about? How many?"

On two occasions the prosecutor impermissibly characterized defendant's testimony as "garbage" (see, People v Ivey, 83 AD2d 788). Additionally, the prosecutor improperly made an emotional appeal to the jury regarding the credibility of one of his witnesses and, in so doing, put his own credibility in

issue, as follows: "If your heart didn't go out to a father who has a right to protect and worry about his sixteen year old child, then maybe I made a mistake in jury selection here." On yet another occasion the prosecutor injected his credibility into the case when he remarked: "Do you believe that? If you believe that, then throw me right out of court because I don't want to be here."

Finally, the prosecutor flagrantly misstated defendant's testimony concerning the encounter when he said: "This virginess *[sic]* sixteen year old girl, who doesn't know from dates or bars, or whatever, and this streetwise liar, a burglar, a thief, con man and stealer of money and drugs, is telling you that this sixteen year old girl is all over him, begging him, 'Come on, I want to have sex with you, put it in me'—pardon my language." Nothing in defendant's testimony supports that version of the events on the evening in question. In fact, defendant testified that the complainant, at times, was ambiguous and that he was unsure of her intentions.

Our task is to determine whether the improprieties complained of are so egregious that reversal is required. It has been held that such a result is mandated when the conduct has caused substantial prejudice to the defendant so that he has been denied due process of law *(see, Berger v United States,* 295 US 78; *People v Mott,* 94 AD2d 415). Resolution of that question turns on the severity and frequency of the conduct, whether the trial court took appropriate action to dilute the effect of the conduct and whether, from a review of the evidence, it can be said that the result would have been the same absent such conduct *(supra)*. Here, as can be seen, the conduct was severe and frequent. Additionally, County Court took no action concerning the remarks of the prosecutor. In that regard, we note that the errors complained of were not objected to and were, therefore, not preserved for our review *(see, People v Hoke,* 62 NY2d 1022). However, "given the magnitude of the errors and the fact that defendant's credibility was central to his defense, we cannot conclude that * * * [they were] harmless" *(People v Proper,* 177 AD2d 863, 864). While there clearly was sufficient evidence to support the convictions it was not overwhelming, as it turned, primarily, on an assessment of the credibility of the complainant and defendant. Indeed, the jury deliberated for 17½ hours before returning a verdict. It can hardly be said, therefore, that the result would have been the same absent the errors *(see, People v Mott, supra)*. Accordingly, we reverse in the interest of justice.

Mahoney, P. J., Casey, Levine and Mercure, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Sullivan County for a new trial.