■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAURENCE JOHNSON, Appellant. [708 NYS2d 737] —Lahtinen, J. Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered January 6, 1998, upon a verdict convicting defendant of the crime of rape in the first degree.

Defendant was indicted on a single count of rape in the first degree stemming from an incident which occurred on March 1, 1997 in the City of Albany. Found guilty after a jury trial, defendant was sentenced as a second felony offender to a determinate prison sentence of 25 years. He now appeals.

The trial testimony revealed that in the early morning hours of March 1, 1997 the victim was celebrating her birthday at a local establishment and upon leaving accepted an invitation from defendant, who was in a vehicle parked outside the bar, to accompany him for a celebratory drink. The victim testified that she believed defendant to be the brother of a family friend. As defendant and the victim were traveling in defendant's vehicle to purchase some beer, defendant punched the victim and drove to an isolated area of the City where he removed her pants and forced himself upon her. After being driven back to her neighborhood and released by defendant, the victim called the police and was taken to the hospital. As a result of the police investigation, the victim's identification of defendant's vehicle and her selection of defendant's photo from a photo array, defendant was questioned and arrested a week after the incident. A trial was held in November 1997 resulting in defendant's conviction on the single count of the indictment.

Defendant's primary contention on appeal is that he was denied effective assistance of counsel. He argues that his counsel admitted in opening and closing arguments that defendant had sex with the victim on the evening in question, asserting that the sex was consensual, but thereafter failed to produce any witnesses or other proof in support of that theory. Defendant also argues that his counsel failed to conduct any investigation or even request information from defendant to assist in his defense.

Our examination of a claim of ineffective assistance of counsel centers on whether defendant received "meaningful representation" (*People v Benevento*, 91 NY2d 708, 712; *see, People v Wiggins*, 89 NY2d 872, 873; *People v Baldi*, 54 NY2d 137, 151; *People v Fancher*, 267 AD2d 770; *People v Foote*, 228 AD2d 720).

The record reveals that defense counsel made appropriate pretrial motions, actively participated in a suppression hearing, secured a *Sandoval* ruling, vigorously cross-examined the prosecution's witnesses consistent with the defense strategy expressed in counsel's opening statement and attempted to present a defense witness (*see, People v McClain*, 250 AD2d 871, 873, *lv denied* 92 NY2d 901). Facing credible scientific DNA evidence received in evidence at the trial which established that the male sperm found in the victim on the evening in question matched defendant's and that there was a 1 in 4.5 billion chance that the DNA matched another male in the black population, the defense strategy that the victim consented to have sex with defendant was a plausible one and we will not

second guess such strategic determinations (*see, People v Brewer*, 266 AD2d 577, 579).

No witnesses testified on behalf of the defense. However, the record demonstrates that defendant, after what defense counsel characterized as a lengthy consultation, made the decision not to testify on his own behalf. Defendant argues in his brief that there was no reason for him not to testify, but there is nothing in the record indicating that he ever expressed a desire to do so, and we note that he states in his *pro se* supplemental brief that he elected not to testify. Defendant was present at all pretrial proceedings, including his *Ventimiglia* and *Sandoval* hearings. Defendant failed to take issue with his counsel's statement that he elected not to testify at the time it was made or at any subsequent point during the trial, prior to sentencing (*see,* CPL 330.30) or after sentencing (*see,* CPL 440.10; *People v Rivera*, 71 NY2d 705, 709). We also note that the record reflects that defense counsel did subpoena a witness to testify on behalf of the defense who appeared in court during the trial. When the witness failed to appear the following day County Court requested an offer of proof regarding the witness's testimony prior to considering defense counsel's request for an adjournment to secure the presence of the witness. After hearing the offer of proof the court ruled the testimony inadmissible and denied the requested adjournment.

With respect to defendant's second argument, i.e., that counsel was ineffective because he failed to investigate defendant's case, such claim is not developed in the record and therefore cannot be addressed on this appeal (*see, People v Boyd*, 244 AD2d 497, *lv denied* 93 NY2d 850).

Defendant's *pro se* brief raises an issue which warrants discussion. Defendant argues that County Court erred in not granting the defense motion for a mistrial stemming from allegedly improper remarks made by the prosecutor during her closing argument. There she allegedly misrepresented statements made by defendant to Detective Michael Sbuttoni pertaining to a book kept by defendant's wife, the prosecutor representing that defendant admitted that because he had been accused of things like this before, they had to keep records. Defense counsel objected to the prosecutor's remarks during her summation, which the court overruled, and moved for a mistrial after the summation, which the court denied.

Since the pretrial and *Sandoval* rulings involving any prior bad acts of defendant which the prosecution was allowed to explore on cross-examination of defendant were rendered moot by defendant's election not to testify, defendant alleges that

the prosecutor's improper summation placed prejudicial allegations of his prior bad acts before the jury. After overruling defense counsel's objection to the prosecutor's reference to defendant's statement to Sbuttoni, County Court immediately instructed the jury that its recollection of the testimony of Sbuttoni pertaining to defendant's remarks would control. The record reflects that the jury heeded this instruction as it requested a reading of Sbuttoni's testimony during the course of its deliberations. Based on the court's curative instruction, the reaction of the jury and other evidence of defendant's guilt, it cannot be said that defendant was so prejudiced by the remarks of the prosecutor to warrant reversal of his conviction (*see, People v Bradshaw*, 263 AD2d 767, *lv denied* 94 NY2d 820).

We have reviewed defendant's remaining claims and find them to be without merit.

Cardona, P. J., Carpinello, Graffeo and Rose, JJ., concur. Ordered that the judgment is affirmed.