(March 17, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN P. ORTIZ, Appellant. [791 NYS2d 709]—

832

Kane, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered March 9, 2001, upon a verdict convicting defendant of the crimes of course of sexual conduct against a child in the second degree (five counts), sexual abuse in the first degree (two counts) and endangering the welfare of a child (two counts).

Defendant was charged in a 15-count indictment with several crimes arising from allegations that he touched the vagina and breasts of two young girls on several occasions from 1997 to 2000. After County Court denied defendant's motion to suppress his oral and written statements to police, a jury convicted him of five counts of course of sexual conduct against a child in the second degree, two counts of sexual abuse in the first degree, and two counts of endangering the welfare of a child. Following denial of his CPL 330.30 motion to set aside the verdict, the court sentenced defendant to an aggregate term of 28 years of imprisonment, which is statutorily reduced to 20 years (*see* Penal Law § 70.30 [1] [c] [i]). Defendant appeals.

County Court properly denied defendant's motion to suppress

his oral and written statements to police. Although defendant testified at trial that he was threatened and coerced into signing a false confession, he did not testify at the *Huntley* hearing. The court based its suppression decision on the evidence before it at that hearing, which supports the determination that defendant knowingly and voluntarily waived his *Miranda* rights before making any statements. Defendant's right to counsel did not indelibly attach when the investigator created a draft accusatory instrument on his computer; the right to counsel indelibly attaches upon the *filing* of an accusatory instrument (*see People v Lane*, 64 NY2d 1047, 1048 [1985]). The police officers' entry into defendant's sister's home without a warrant to effect defendant's arrest did not violate *Payton v New York* (445 US 573 [1980]), because evidence at the hearing established that defendant did not reside there and defendant's nephew, who did reside there, gave the officers permission to enter and search for defendant (*see People v Daly*, 180 AD2d 872, 874 [1992], *lv denied* 79 NY2d 1048 [1992]). Accordingly, the court properly permitted the People to use defendant's statements at trial.

Defendant's argument regarding an alleged *Brady* violation is also without merit. The statement that defense counsel claimed should have been turned over earlier, a statement made during an unrelated police investigation indicating that defendant's daughter spent almost every weekend with her father, was not *Brady* material because it was not exculpatory (*see People v Battease*, 3 AD3d 601, 603 [2004]). In any event, it was available to counsel days before the witness who made the statement testified, but counsel did not avail himself of the opportunity to review it.

County Court properly denied defendant's motion to set aside the verdict. The element of sexual gratification can be inferred from the circumstances and the perpetrator's conduct (*see People v Watson*, 281 AD2d 691, 697 [2001], *lv denied* 96 NY2d 925 [2001]; *People v Beecher*, 225 AD2d 943, 944-945 [1996]). Defendant's tickling of his victims moved from the stomach to the vagina or breasts, he repeated this conduct over many months and years and his statement acknowledged that he knew that this touching was wrong, suggesting that he engaged in this conduct for his sexual gratification. His arguments regarding the weight of the evidence amount to mere attacks on witness credibility, an area within the province of the jury (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant also failed to show that his brother's testimony constituted "newly discovered" evidence—the brother had spoken with counsel the week before trial, other defense witnesses knew where he was

living, no material witness order or subpoena was sought to secure his testimony, and the brother's testimony likely would not have changed the outcome because he planned to directly contradict his grand jury testimony and every witness who talked about him, including defendant, testified that he was always drunk (*see* CPL 330.30 [3]; *People v Bowers*, 4 AD3d 558, 560 [2004], *lv denied* 2 NY3d 796 [2004]). Hence, defendant failed to substantiate his motion to set aside the verdict.

Defendant received the effective assistance of counsel. While many of the arguments defendant attempts to raise on appeal were not preserved by objections at trial, most of the conduct complained about was not objectionable. Defense counsel's statements during opening, voir dire and summation were generally appropriate and part of his trial strategy. Although counsel could have been more diligent in attempting to obtain the testimony of defendant's brother, as noted above, it is unlikely that such testimony would have been helpful. Overall, counsel provided meaningful representation, which resulted in the dismissal of six counts of the indictment (*see Strickland v Washington*, 466 US 668 [1984]; *People v Benevento*, 91 NY2d 708, 711 [1998]).

Based on the statutory reduction of defendant's aggregate maximum sentence to 20 years, along with County Court's determination to concurrently run several of the counts for course of sexual conduct which could have been consecutive, we decline to interfere with defendant's sentence. Defendant's remaining arguments either were not preserved for appellate review or lack merit.

Peters, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.