(December 8, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN A. HENDRIE, Appellant. [805 NYS2d 464]—

Mugglin, J. Appeals (1) from a judgment of the County Court of Clinton County (Ryan, J.), rendered February 5, 1998, upon a verdict convicting defendant of the crimes of murder in the first degree, murder in the second degree, burglary in the first degree, kidnapping in the second degree, criminal use of a firearm in the first degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, making a punishable false written instrument, criminal contempt in the second degree, menacing in the second degree and criminal mischief in the fourth degree, and (2) by permission, from an order of said court, entered August 10, 2001, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

This case involves the shooting death of Timothy Lamberton during the evening of December 21, 1996 in the hamlet of Mooers Forks, Clinton County. On the evening in question, defendant went to the residence of his former girlfriend, Helen LaPorte, ostensibly to deliver a Christmas gift for the LaPorte children. Upon arrival, however, defendant withdrew a sawed-off shotgun from the Christmas package, forced his way into the residence and thereafter shot and killed Lamberton. When defendant left the residence, he abducted LaPorte but subsequently allowed her to go free. Following a jury trial, defendant was convicted of, among other things, murder in the first degree, murder in the second degree, burglary in the first degree, kidnapping in the second degree and criminal use of a firearm in the first degree (two counts). Defendant was thereafter sentenced on each conviction, the aggregate being 40 years to life. Defendant's subsequent CPL article 440 motion to vacate the judgment based on newly discovered evidence was summarily denied by County Court. Defendant appeals.

First, we address defendant's complaints regarding County Court's refusal to suppress his oral and written statements and the physical evidence seized by the State Police as a result of those statements. Defendant's contention is that, as a result of his being mildly mentally retarded, he was incapable of fully comprehending his constitutional rights to remain silent and to the assistance of counsel. In support of this contention, defendant presented the testimony of a psychologist who, based on a 1992 Social Security evaluation, concluded that defendant's IQ test score of 55 placed him at the low end of the mild mental retardation range. This expert witness further testified, as relevant hereto, that defendant lacked the capacity to understand

the concepts embodied in the *Miranda* warnings given to him by the police.

Subnormal intelligence, in and of itself, does not require suppression of statements where it is established that a defendant had the ability to understand the basic concepts of the right to remain silent, the right to the assistance of counsel and the fact that any statement could be used against him or her (*see People v Williams,* 62 NY2d 285, 287 [1984]; *People v Marx,* 305 AD2d 726, 728 [2003], *lv denied* 100 NY2d 596 [2003]). In our view, the record lacks any indicia that defendant failed to sufficiently comprehend the warnings undisputedly given to him by the State Police. The prosecution witnesses established that defendant was composed and relaxed and responded to questions in a normal and appropriate manner, at no time exhibiting any uncertainty or confusion. Since the factual findings made by County Court were not clearly erroneous, they are entitled to great weight (*see People v Comfort,* 6 AD3d 871, 873 [2004]). Accordingly, we are persuaded that defendant's statements were voluntary and that the physical evidence recovered as a result was properly ruled admissible at trial.

Next, defendant claims that his right to a fair trial was infringed upon, first, by an improper comment during the prosecutor's summation which shifted the burden of proof to him and, second, by County Court's refusal to charge the jury with respect to the lesser included offenses of first and second degree manslaughter and criminally negligent homicide under the first degree murder count. During the prosecutor's summation, it was suggested that the jury must find that LaPorte's testimony was credible because defendant had not suggested any reason to disbelieve her account of the incident. To warrant reversal of a conviction, the prosecutorial misconduct must be of such magnitude as to deny a defendant due process (*see People v Jackson,* 282 AD2d 830, 833 [2001], *lv denied* 96 NY2d 902 [2001]; *People v Tarantola,* 178 AD2d 768, 770 [1991], *lv denied* 79 NY2d 954 [1992]). We agree that the prosecutor's comment was error. Nevertheless, it was a brief, isolated comment and, in view of County Court's instructions to the jury concerning the burden of proof, we are unpersuaded that defendant's right to a fair trial was in any way compromised (*see People v Roberts,* 12 AD3d 835, 837 [2004], *lv denied* 4 NY3d 802 [2005]; *People v Levandowski,* 8 AD3d 898, 900 [2004]).

Nor are we persuaded that County Court's refusal to submit the lesser included offenses as requested by defendant under the first degree murder count infringed upon defendant's right to a fair trial. A court is required to submit a lesser included of-

fense to the jury only when there is a reasonable view of the trial evidence upon which the jury could conclude that the defendant committed the lesser offense but not the greater (*see* CPL 300.50 [1]; *People v Barney,* 99 NY2d 367, 371 [2003]). In reaching this determination, the trial evidence must be viewed in the light most favorable to the defendant (*see People v Johnson,* 45 NY2d 546, 549 [1978]). Defendant premises his request for these charges on his claim that the death of Lamberton was accidental. Viewing the evidence in the light most favorable to defendant would suggest that he lacked intent either to cause death or serious physical injury. As manslaughter in the first degree requires that death be caused when the intent was to cause serious physical injury (*see* Penal Law § 125.20 [1]), we conclude that County Court properly refused this charge. We agree with defendant that the lesser included offense of manslaughter in the second degree should have been charged under the first degree murder count. However, we note that it was charged as a lesser included offense under the depraved indifference murder count and, thus, we conclude that any error committed is harmless (*see People v Doyle,* 3 AD3d 126, 129 [2004], *lv denied* 2 NY3d 739 [2004]). Finally, we discern no error in County Court's refusal to charge criminally negligent homicide as a lesser included offense. The evidence leaves us unconvinced that defendant could be found to have failed to recognize a substantial unjustifiable risk of death when he produced a secreted, loaded sawed-off shotgun with a light-pull trigger and pointed it directly at other people.

Next, defendant contends that the jury's refusal to accept his defense of extreme emotional disturbance renders the verdict against the weight of the evidence. It is defendant's burden to establish this affirmative defense by a preponderance of the competent evidence (*see People v Roche,* 98 NY2d 70, 75-76 [2002]; *People v Gabriel,* 241 AD2d 835, 836 [1997], *lv denied* 91 NY2d 892 [1998]). In support of this defense, defendant relied upon the testimony of the psychologist who had last evaluated him in 1992. Defendant maintained that his extreme emotional disturbance stemmed from his breakup with LaPorte the previous July, which left him extremely despondent. Additionally, defendant's expert maintained that his mental retardation rendered defendant extremely impulsive and dependent. Further, the record contains evidence suggesting that the depth of defendant's despondency precipitated several suicidal expressions and, in fact, according to defendant, he intended to commit suicide in front of LaPorte on the night in question. Although this evidence was unrebutted, it is the function of the jury to decide whether to credit it (*see People v Bradley,* 272

AD2d 635, 636 [2000]; *People v Knapp,* 272 AD2d 637, 638-639 [2000]).

When the evidence is viewed in a neutral light, we conclude that it would not have been unreasonable for the jury to find that defendant had established the defense of extreme emotional disturbance. Nevertheless, our own independent evaluation of the probative value of the evidence (*see People v Jefferson,* 248 AD2d 815, 817 [1998], *lv denied* 92 NY2d 926 [1998]) points clearly to the conclusion that the jury's rejection of this defense was not against the weight of the evidence. In particular, it was established that the psychologist had not conducted a clinical evaluation of defendant since 1992 and based her present opinion only on an interview with defendant and information received from defendant's mother. Moreover, the jury could have readily concluded that the time between the breakup and the incident extinguished any claim that the act was impulsive. Since the probative value of this evidence was questionable regarding defendant's state of mind at the time the crime was committed, we conclude that the jury's rejection of the defense was reasonable.

Defendant's postjudgment motion to vacate the judgment was premised upon statements allegedly made by LaPorte to two witnesses who were not produced at trial. Since this evidence was known to defendant well in advance of trial, it cannot be considered newly discovered (*see People v Willard,* 226 AD2d 1014, 1020 [1996], *lv dismissed* 88 NY2d 943 [1996]). The record reveals that this evidence was well known to defendant shortly after the commencement of the prosecution but that, at the time of trial, the witnesses had moved to an unknown location. In any event, since the evidence to which defendant now points bears simply on issues of credibility, we cannot say that it would have resulted in a different verdict (*see id.* at 1020). Thus, we are unpersuaded that County Court improperly denied defendant's postjudgment motion.

We next address defendant's argument regarding the sentences imposed. Defendant argues that his sentences for the crimes of murder in the second degree—a felony murder conviction based on the underlying felony of kidnapping—must be concurrent with his sentence for kidnapping. In this regard, we note that County Court, after imposing several concurrent sentences, including those for murder in the first degree and murder in the second degree, imposed a sentence of 5 to 10 years for kidnapping in the second degree "consecutive to previously imposed sentences." While we agree with defendant that Penal Law § 70.25 (2) prevents County Court from imposing consecu-

tive sentences for kidnapping and murder in the second degree based on the underlying felony of kidnapping, we do not perceive that this error affects the length of defendant's sentence as he makes no argument that County Court improperly made the kidnapping sentence consecutive to any other crimes for which he was convicted. Finally, we agree with defendant's argument that the charge of criminal use of a firearm in the first degree, based on his possession of the shotgun while committing the crime of burglary in the first degree, should have been dismissed as it was subsumed by the elements of the burglary in the first degree charge (*see People v Brown,* 67 NY2d 555, 561 [1986], *cert denied* 479 US 1093 [1987]). Burglary in the first degree requires use of a dangerous instrument and criminal use of a firearm in the first degree requires possession of a deadly weapon. Because each of these crimes is a class B felony, neither is greater than the other so they constitute noninclusory concurrent counts (*see* CPL 300.30 [4]). Hence, this conviction for criminal use of a firearm in the first degree must be reversed and the five-year consecutive sentence imposed thereon must be vacated.

We have considered defendant's remaining contentions and find them to be without merit.

Cardona, P.J., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the judgment and order are modified, on the law, by reversing defendant's conviction of the crime of criminal use of a firearm in the first degree under count eight of the indictment; dismiss said count and vacate the sentence imposed thereon; and, as so modified, affirmed.