■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED HILL, Appellant. [824 NYS2d 802]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered April 14, 2005 in Albany County, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree, course of sexual conduct against a child in the second degree and endangering the welfare of a child (two counts).

Defendant was indicted for the crimes of sexual abuse in the first degree, course of sexual conduct against a child in the second degree and two counts of endangering the welfare of a child stemming from allegations of inappropriate sexual contact with two young girls between August 2001 and August 2004. The victims in this case were the same age (born four months apart in 1994) and cousins. Both spent a considerable amount of time in defendant's home, including nights and weekends. Indeed, although not related to defendant by blood, both considered him to be family (he was godfather to one of them)

and both referred to him as uncle. Found guilty as charged after a jury trial and sentenced to an aggregate prison term of 14 years with three years of postrelease supervision, defendant now appeals.

We first reject defendant's claim that his sexual abuse and course of sexual conduct convictions are against the weight of the evidence because the element of "sexual gratification" was not established (*see* Penal Law § 130.00 [3]). Specifically, according to defendant, the weight of evidence at trial merely painted a picture of "playful tickling" that went astray out of poor judgment, not for sexual gratification. Upon the exercise of our factual review power, we are unpersuaded (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

With respect to the sexual abuse count, the younger victim testified on direct examination that defendant touched her vagina on the outside of her clothing while the two were alone in his house during a particular weekend. She slapped his hand away and told him to stop but he did not do so immediately. While this victim clarified during cross-examination that this sexual contact was preceded by tickling on defendant's part, she made clear that she was not laughing at the time.

With respect to the sexual conduct against a child count, the older victim testified that defendant would touch her on the vagina, sometimes in the course of tickling and sometimes while she was asleep, on numerous occasions between January 2004 and the summer of 2004 although she specifically testified that he touched her on the "[o]utside" of her clothes. Defendant gave oral and written statements to police pertaining to this particular victim in which he admitted that he had inappropriate sexual contact with her which was not accidental. Moreover, in his oral statement, he acknowledged that he did so for sexual gratification (although he refused to include such acknowledgment in his written statement).

Thus, we find no basis upon which to disturb the jury's rejection of defendant's claim that these incidents were merely misconstrued playful tickling. "The element of sexual gratification can be inferred from the circumstances and the perpetrator's conduct" (*People v Ortiz*, 16 AD3d 831, 833 [2005], *lv denied* 4 NY3d 889 [2005] [citations omitted]). With respect to the course of sexual conduct count in particular, defendant's admissions, namely that he knew his contact was not right, that it was not accidental and that he touched the older victim for sexual gratification, clearly established the element of sexual gratification (*see id.*; *see generally People v Beecher*, 225 AD2d

943, 944-945 [1996]).* With respect to the sexual abuse count, defendant's conduct warranted an inference of sexual gratification (*see id.*). Furthermore, the victims' accounts of defendant's unwanted touching further supported the inference that defendant knowingly acted in a manner likely to be injurious to their mental welfare sufficient to support both endangering the welfare of a child counts.

Lastly, we are persuaded by defendant's argument that under the particular circumstances of this case the imposition of the maximum consecutive determinate sentences of seven years each for the sexual abuse and course of sexual conduct convictions is unduly harsh warranting reduction by this Court in the interest of justice (*see* CPL 470.15 [2] [c]; [6] [b]). At the time of his convictions, defendant was a 63-year-old, honorably discharged Vietnam veteran who had been steadily employed for 21 years in the same position. Notably, he had no prior criminal convictions of any kind. Given his age and lack of criminal history, we reduce his sentences in the interest of justice to two determinate prison sentences of four years on each count, to run consecutively (*see* CPL 470.15 [2] [c]; [6] [b]).

Defendant's remaining contentions have been reviewed and found to be unpersuasive.

Mercure, J.P., Crew III, Rose and Kane, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentences imposed on defendant's convictions for sexual abuse in the first degree and course of sexual conduct against a child in the second degree to four years for each conviction to be served consecutively, and, as so modified, affirmed.

---

* Viewing the evidence in a light most favorable to the People (*see People v Thompson*, 72 NY2d 410, 413 [1988]), the jury could also have rationally concluded that defendant touched the older victim's vagina on two or more occasions over the course of at least three months such that his conviction for course of sexual conduct against a child was based upon legally sufficient evidence (*see* Penal Law § 130.80 [1] [a]; *People v Weber*, 25 AD3d 919, 921 [2006], *lv denied* 6 NY3d 839 [2006]; *People v Raymo*, 19 AD3d 727, 729 [2005], *lv denied* 5 NY3d 793 [2005]).