■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK H. WEBER, Appellant. [836 NYS2d 327]—

Kane, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered October 3, 2002, upon a verdict convicting defendant of the crimes of sexual abuse in the second degree (10 counts) and endangering the welfare of a child (five counts).

Defendant was indicted on 37 counts related to his sexual contact with several young girls. After several counts were dismissed, others were severed and dealt with in a separate trial (25 AD3d 919 [2006], *lv denied* 6 NY3d 839 [2006]). Defendant was then tried on 17 counts concerning nine victims. These victims mainly alleged that defendant touched their buttocks or vaginas while they were in his pool or hot tub. The jury acquitted defendant of two counts, but convicted him of 10 counts of sexual abuse in the second degree and five counts of endangering the welfare of a child. County Court sentenced defendant to 15 consecutive one-year jail terms. Defendant now appeals.

County Court correctly refused defendant's request, without holding a hearing, to admit the results of his polygraph examination into evidence, as he failed to show that such examinations are scientifically reliable, and New York courts have previously found that the results are not generally accepted as reliable (*see People v Angelo*, 88 NY2d 217, 223 [1996]; *People v Shedrick*, 66 NY2d 1015, 1018 [1985]; *Matter of Loren B. v Heather A.*, 13 AD3d 998, 999 [2004], *lv denied* 4 NY3d 710 [2005]). The court also did not err in reaching a *Sandoval* compromise, permitting defendant to be cross-examined about the existence of his prior felony conviction, without disclosing the nature of the conviction, the underlying facts or the exact

sentence imposed (*see People v Kirton*, 36 AD3d 1011, 1013 [2007]; *People v Long*, 269 AD2d 694, 696 [2000], *lv denied* 94 NY2d 950 [2000]).

Defendant's convictions were supported by legally sufficient evidence and not against the weight of the evidence. He argues that the People did not submit proof that he acted for the purpose of sexual gratification, but that element can be inferred from the circumstances and defendant's conduct (*see People v Hill*, 34 AD3d 1130, 1131 [2006]; *People v Ortiz*, 16 AD3d 831, 833 [2005], *lv denied* 4 NY3d 889 [2005]; *People v Watson*, 281 AD2d 691, 697 [2001], *lv denied* 96 NY2d 925 [2001]). In addition to implying a purpose of sexual gratification, subjecting young girls to unwanted touching of their intimate parts can reasonably be considered injurious to their mental or moral welfare so as to constitute endangering the welfare of a child (*see* Penal Law § 260.10 [1]; *People v Hill, supra* at 1132). Giving deference to the jury's apparent credibility determinations in favor of most of the victims, upon our independent review of the record we find that the verdict was not against the weight of the evidence (*see People v Perkins*, 27 AD3d 890, 892 [2006], *lvs denied* 6 NY3d 897 [2006], 7 NY3d 761 [2006]; *People v Durant*, 6 AD3d 938, 940-941 [2004], *lv denied* 3 NY3d 639 [2004]).

County Court did not err in denying defendant's motion for a mistrial following the People's summation. A mistrial or reversal is only required based on prosecutorial misconduct when the conduct caused substantial prejudice so that the defendant was denied due process (*see People v Hendrie*, 24 AD3d 871, 873 [2005], *lv denied* 6 NY3d 776 [2006]). Factors in resolving this question are "the severity and frequency of the conduct, whether the trial court took appropriate action to dilute the effect of the conduct and whether, from a review of the evidence, it can be said that the result would have been the same absent such conduct" (*People v Tarantola*, 178 AD2d 768, 770 [1991], *lv denied* 79 NY2d 954 [1992]). Although some of the prosecutor's comments were improper, the court sustained several of defendant's objections and other objections were properly overruled because the prosecutor's comments interpreted record evidence or responded to the defenses raised (*see People v Roberts*, 12 AD3d 835, 837-838 [2004], *lv denied* 4 NY3d 802 [2005]). Hence, defendant was not deprived of a fair trial (*see People v Hendrie, supra* at 873).

Defendant's argument alleging the excessiveness of his sentence is academic. By operation of law, defendant's definite sentences here merged with and are satisfied by his service of

his indeterminate sentences imposed at his trial on the severed charges (*see* Penal Law § 70.35; *People v Muscoreil*, 237 AD2d 970, 971 [1997]; *see also People v Leabo*, 84 NY2d 952, 953 [1994]).

Cardona, P.J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.