▮▮▮▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH M. DeLORENZO, JR., Appellant. [845 NYS2d 652]—

Appeal from a judgment of the Supreme Court, Lewis County (Joseph D. McGuire, J.), rendered June 30, 2006. The judgment convicted defendant, after a nonjury trial, of rape in the first degree (three counts), rape in the third degree (three counts), endangering the welfare of a child (four counts), sodomy in the first degree, sodomy in the third degree and menacing in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a bench trial of, inter alia, three counts each of rape in the first degree (Penal Law § 130.35 [1]) and rape in the third degree (§ 130.25 [2]) and one count each of sodomy in the first degree (former § 130.50 [1]) and menacing in the second degree (§ 120.14 [1]). Contrary to defendant's contention, Supreme Court did not abuse its discretion in excluding the results of the polygraph test administered to defendant. It is well established that "[t]he reliability of the polygraph has not been demonstrated with sufficient certainty" for the results of such tests to be admissible in evidence (*People v Shedrick*, 66 NY2d 1015, 1018 [1985], *rearg denied* 67 NY2d 758 [1986]; *see People v Angelo*, 88 NY2d 217, 223 [1996]; *People v Tarsia*, 50 NY2d 1, 7 [1980]; *People v Mastin*, 261 AD2d 892, 894 [1999], *lv denied* 93 NY2d 1022 [1999]; *see also Matter of Loren B. v Heather A.*, 13 AD3d 998, 999-1000 [2004], *lv denied* 4 NY3d 710 [2005]). Also contrary to defendant's contention, the court properly refused to conduct a *Frye* hearing before determining that the results of the polygraph test were inadmissible, inasmuch as defendant failed to show that the scientific

consensus concerning polygraph tests had recently changed (*see People v Weber*, 40 AD3d 1267 [2007]; *see generally Angelo*, 88 NY2d at 223). Finally, we reject defendant's contention that the court failed to give the evidence the weight it should be accorded and thus that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Gorski, J.P., Martoche, Smith, Peradotto and Green, JJ.