■ The People of the State of New York, Respondent, v Charles A. Stewart, Appellant. [870 NYS2d 157]—

Malone Jr., J.

When this case was previously before this Court, we reversed defendant's convictions of rape in the first degree (two counts), sodomy in the first degree (two counts), sexual abuse in the first degree and endangering the welfare of a child and remitted the matter to County Court for a new trial (20 AD3d 769 [2005]). Thereafter, in conjunction with a proceeding commenced in this Court by defendant seeking to prohibit his retrial, we granted a temporary stay in the criminal action on March 8, 2006. The stay was denied by order of this Court on April 21, 2006 and the petition was dismissed on November 30, 2006 (*Matter of Stewart v Hartnett*, 34 AD3d 1134 [2006], *appeal dismissed* 8 NY3d 936 [2007]).

Proceedings continued before County Court and, in February

2007, defendant's motion to dismiss the indictment on double jeopardy grounds was denied. In March 2007, defendant moved to dismiss the indictment on statutory speedy trial grounds, but this motion was also denied. A new trial was conducted and, at its conclusion, defendant was acquitted of the rape and sodomy charges, but was convicted of sexual abuse in the first degree and endangering the welfare of a child. He was sentenced to five years in prison, to be followed by three years of postrelease supervision, on the sexual abuse charge, and one year in jail on the endangering the welfare of a child charge, to run concurrently. He was also ordered to pay restitution. Defendant now appeals.

Initially, we are unpersuaded by defendant's purported double jeopardy claims. First, he asserts that, because he had already served his full sentence for his conviction of endangering the welfare of a child before his convictions were reversed, his retrial on that count was a double jeopardy violation. This argument misapprehends the basis for the dismissal of charges under similar circumstances (*see e.g. People v Flynn*, 79 NY2d 879, 882 [1992]; *People v Burwell*, 53 NY2d 849, 851 [1981]; *People v Allen*, 39 NY2d 916, 917-918 [1976]; *People v Simmons*, 32 NY2d 250, 253 [1973]; *People v Scala*, 26 NY2d 753, 754 [1970]; *People v Kvalheim*, 17 NY2d 510, 511 [1966]). Such a result is not a matter of double jeopardy, but instead relates to judicial economy and other nonconstitutional considerations (*see e.g. People v Burwell*, 53 NY2d at 851; *see generally* CPL 470.20 [1]; *People v Allen*, 39 NY2d at 917-918; *People v Roopchand*, 107 AD2d 35, 38 [1985], *affd* 65 NY2d 837 [1985]). In any event, we find that the crime of endangering the welfare of a child is a serious crime and the inclusion of that count with defendant's other charged crimes upon his new trial was not improper (*see People v Allen*, 39 NY2d at 917-918). Furthermore, we reject defendant's second asserted basis for a violation of his right against double jeopardy inasmuch as he has failed to demonstrate that the prosecution's use of defendant's silence against him during his first trial was "conducted in a deliberate attempt to provoke him to move for a mistrial" (*Matter of DeFilippo v Rooney*, 11 NY3d 775, 776 [2008]; *see Matter of Gorghan v DeAngelis*, 7 NY3d 470, 473-474 [2006]).

Defendant next contends that County Court erred in failing to dismiss the indictment on the basis of a CPL 30.30 speedy trial violation following our reversal of his prior convictions. When a defendant is accused of a felony, the People must declare their readiness for trial within six months of the commencement of the action (*see* CPL 30.30 [1] [a]). Upon the

reversal of a conviction and order for a new trial, the commencement of the action is deemed to have been on "the date the order occasioning a retrial becomes final" (CPL 30.30 [5] [a]). Here, however, defendant argues only that the period from the denial of the stay on April 21, 2006 until the scheduling conference held on January 12, 2007 was chargeable to the People, and that their failure to declare readiness for trial within that time period mandates dismissal of the indictment.

Once a defendant demonstrates that a delay greater than six months occurred, it is the People's burden to prove that they are entitled to exclusions of time during the period between commencement and their declaration of readiness (*see People v Cortes*, 80 NY2d 201, 216 [1992]; *People v Berkowitz*, 50 NY2d 333, 349 [1980]). Such excludable time includes "reasonable period[s] of delay resulting from other proceedings concerning the defendant, including but not limited to . . . pre-trial motions . . . and the period during which such matters are under consideration by the court" (CPL 30.30 [4] [a]; *see People v Moorhead*, 61 NY2d 851, 852 [1984]). Under the circumstances of this case, we find that the period relied upon by defendant is not properly chargeable to the People. Here, defendant commenced a proceeding in this Court and obtained a stay of the criminal action. Even were we to assume that the People were made aware of the denial of the stay in April 2006—a fact that is not clear from the record—defendant had moved County Court in March 2006, at a time when the stay was in effect, for dismissal of the indictment on double jeopardy grounds. County Court reserved decision on that motion during the pendency of the stay and was never informed that the stay was lifted in April 2006. Following our dismissal of defendant's petition in November 2006, a decision on defendant's motion was issued by County Court in February 2007. Accordingly, the period relied upon by defendant is not chargeable to the People because defendant's pretrial motion was under consideration by County Court (*see People v Green*, 31 AD3d 1048, 1049 [2006], *lv denied* 7 NY2d 902 [2006]; *see also People v Dean*, 45 NY2d 651, 657-658 [1978]; *People v Shannon*, 143 AD2d 572, 572-573 [1988], *lv denied* 73 NY2d 860 [1988]).

Turning to defendant's contention that his convictions were against the weight of the evidence adduced at trial, we "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" in determining whether the verdict of guilty was supported by the weight of the credible evidence (*People v Danielson*, 9 NY3d 342, 348 [2007]). When conducting our

review, we accord deference to the jury's credibility determinations (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Kuykendall*, 43 AD3d 493, 495-496 [2007], *lv denied* 9 NY3d 1007 [2007]).

Upon exercising our factual review power, we find that the jury was justified in convicting defendant of the crimes of sexual abuse in the first degree and endangering the welfare of a child. Specifically, we are unpersuaded by defendant's argument that the evidence at trial failed to prove that his conduct was for the purpose of sexual gratification (*see* Penal Law § 130.00 [3]; § 130.65). Here, although the victim's father and defendant's girlfriend had been in the same room with defendant and the victim prior to the incident, defendant waited until he was alone with the victim—a nine-year-old girl—when he placed his hand on her buttocks. The victim testified that, while defendant did this, he was "just staring at [her]," and that when she left the room because she felt uncomfortable, defendant followed her. The element of sexual gratification can be inferred from the circumstances as well as defendant's conduct and, upon our review of the evidence, we find that such an inference was properly drawn by the jury (*see People v Weber*, 40 AD3d 1267, 1268 [2007], *lv denied* 9 NY3d 927 [2007], *lv dismissed* 10 NY3d 845 [2008]; *see People v Hill*, 34 AD3d 1130, 1131-1132 [2006]).

We have considered defendant's remaining arguments and find no basis for overturning the judgment of conviction.

Cardona, P.J., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.