■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY DIOTTE, Appellant. [880 NYS2d 397]—

Garry, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered September 24, 2007, upon a verdict convicting defendant of the crimes of rape in the first degree (14 counts), sexual abuse in the first degree (14 counts), criminal sexual act in the first degree and endangering the welfare of a child.

In February 2006, defendant's alleged victim told a school official that, beginning in 2002 when she was 13 years old, defendant had subjected her to sexual contact on multiple occasions. Thereafter, defendant was charged in a 62-count indictment with rape in the first degree and other sexual offenses. After a jury trial, he was convicted of 14 counts of rape in the first degree and 14 counts of sexual abuse in the first degree, as well as single counts of criminal sexual act in the first degree and endangering the welfare of a child. Defendant appeals.

Defendant first contends that County Court improperly denied his motion for a mistrial based on prosecutorial misconduct. During summation, the prosecutor discussed a claim by defendant's attorney that the victim's testimony had lacked specificity as follows: "And I would also suggest to you that if [defendant] really wanted to have more details, his at-

torney could have asked [the victim] on cross-examination." Defendant's counsel objected claiming that these remarks constituted improper comment on his questioning. The objection was sustained. Later in closing, the prosecutor argued, "He denied raping [the victim]. Denied taking showers with her. But what did you expect? This isn't Perry Mason. Of course that's what he was going to say. But interestingly, he never denied touching [the victim] on her breasts, and he never denied having oral sex with [the victim]. That's uncontroverted." Defendant's counsel objected and his objection was overruled.

Upon the completion of the prosecutor's summation, defendant's attorney moved for a curative instruction and, with respect to the second comment, for a mistrial. County Court refused to grant a mistrial but agreed to give a curative instruction. When the jury returned, the court began its charge as follows: "Before I begin my formal charge, I want to clarify a couple of things. First of all, I remind you that the burden of proof is on the People. The [d]efendant has no burden to prove or disprove anything. Secondly, I tell you that the defense counsel during the trial has no obligation to ask any particular question of any witness. And thirdly, I tell you that you may not—and I repeat, not presume that if the [d]efendant did not affirmatively deny a certain allegation against him that he thereby admits it. That is not the case. Thank you." County Court's subsequent full charge instructed the jury on the presumption of innocence and reiterated, in detail, that the People bore the burden of proof and that defendant was not required to prove his innocence. Defendant contends that a mistrial should have been granted because the curative instruction was inadequate and the prosecutor's second comment was so damaging that its effects could be cured only by a new trial.

Reversal is required when prosecutorial misconduct "caused substantial prejudice so that the defendant was denied due process" (*People v Weber*, 40 AD3d 1267, 1268 [2007], *lv denied* 9 NY3d 927 [2007]). In determining whether reversal is required on this ground, this Court must consider " 'the severity and frequency of the conduct, whether the trial court took appropriate action to dilute the effect of the conduct and whether, from a review of the evidence, it can be said that the result would have been the same absent such conduct' " (*People v De Vito*, 21 AD3d 696, 700 [2005], quoting *People v Tarantola*, 178 AD2d 768, 770 [1991], *lv denied* 79 NY2d 954 [1992]; *accord People v Weber*, 40 AD3d at 1268).

The prosecutor's second comment was improper as it could have been interpreted to shift the burden of proof to defendant

to deny the allegations against him (*see People v Hendrie*, 24 AD3d 871, 873 [2005], *lv denied* 6 NY3d 776 [2006]). However, County Court's curative instruction, given immediately thereafter, clearly advised the jury that the People, not defendant, bore the burden of proof and that defendant's failure to deny an allegation did not mean that he admitted it. The curative instruction also addressed the prosecutor's earlier objectionable comment by informing the jury that defendant had no obligation to ask any witness any question. In order to believe that defendant bore any burden to deny allegations or question witnesses, the jury would have had to ignore not only the curative instruction, but also the detailed subsequent instructions on the burden of proof and the presumption of innocence (*see People v Getch*, 50 NY2d 456, 466 [1980]). The prosecutor's two comments, though inappropriate, were "brief [and] isolated" (*People v Hendrie*, 24 AD3d at 873). In view of all the circumstances, including the court's instructions, defendant's right to a fair trial was not compromised (*see People v Grady*, 40 AD3d 1368, 1375 [2007], *lv denied* 9 NY3d 923 [2007]; *see also People v Roberts*, 12 AD3d 835, 837 [2004], *lv denied* 4 NY3d 802 [2005]; *People v Levandowski*, 8 AD3d 898, 900 [2004]).

Next, defendant contends that his convictions are not supported by legally sufficient evidence and are against the weight of the evidence. Viewed in a light favorable to the People, the evidence, including the testimony of the victim and an investigating officer as well as recordings of telephone conversations between defendant and the victim, was sufficient to permit a rational factfinder to conclude that the elements of the charged offenses were proven beyond a reasonable doubt (*see People v Cabey*, 85 NY2d 417, 421 [1995]). However, given defendant's testimony that he did not rape the victim, an alternative finding of acquittal would not have been unreasonable. Therefore, this Court must "weigh the relative probative force of conflicting testimony and the strength of conflicting inferences while according deference to the jury's opportunity to observe the witnesses" (*People v Ryan*, 46 AD3d 1125, 1127 [2007], *lv denied* 10 NY3d 939 [2008]; *see People v Bleakley*, 69 NY2d 490, 495 [1987]). In this regard, although defendant testified that he did not rape the victim, the contradictions between his testimony and hers created credibility determinations to be resolved by the jury (*see People v Littebrant*, 55 AD3d 1151, 1155 [2008]). Such determinations are to be given "great deference, given [the jury's] first-hand opportunity to observe and hear the witnesses" (*People v Studstill*, 27 AD3d 833, 834 [2006], *lv denied* 6 NY3d 898 [2006]). "Viewing the evidence in a neutral light and according appropriate deference to the jury's assessment of

witness credibility and demeanor," we do not find that the verdict, which depended almost wholly on credibility determinations, was against the weight of the evidence (*People v Barringer*, 54 AD3d 442, 443 [2008], *lv denied* 11 NY3d 830 [2008]).

Finally, defendant contends that he received ineffective assistance of counsel in that his trial attorney failed to investigate the background of certain remarks that defendant made during his recorded telephone conversations with the victim in order to provide the jury with an explanation inconsistent with defendant's guilt. Whether counsel's investigations were adequate cannot be addressed on this appeal because the claim is not developed in the record and relies on "speculation and conjecture" (*People v Studstill*, 27 AD3d at 835; *see People v Johnson*, 273 AD2d 495 [2000], *lv denied* 95 NY2d 854 [2000]). The record, however, does reveal that defendant's counsel provided the jury with an alternate explanation for the remarks by arguing that the victim had lied. As otherwise presented, the record fully demonstrates that defendant received meaningful representation from his trial counsel at all stages of the proceedings (*see People v Ellis*, 81 NY2d 854, 856 [1993]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

Cardona, P.J., Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.