■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE L. JACKSON, Appellant. [894 NYS2d 688]—

Appeal from an order of the Seneca County Court (Dennis F. Bender, J.), dated June 8, 2009. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that County Court erred in assessing 20 points against him under risk factor 6, based on the victim's mental disability, and 20 points against him under risk factor 7, for establishing a relationship with the individual in question for the purpose of victimizing him. We reject that contention, and we conclude that the court properly determined that defendant was presumptively a level two risk. The People presented clear and convincing evidence establishing that the mental condition of the victim was such that he was incapable of appraising the nature of his own conduct, particularly with respect to the foreplay activities in which he participated (Penal Law § 130.00 [5]), and that the victim did not understand the social and moral implications of such sexual activity (*see generally People v Cratsley*, 86 NY2d 81, 87-88 [1995]; *People v Easley*, 42 NY2d 50, 55-57 [1977]). The People further established by clear and convincing evidence that defendant entered into his relationship with the victim for the primary purpose of victimizing him.

Contrary to defendant's further contention, the court did not abuse its discretion in refusing to grant defendant a downward departure from his presumptive risk level based on his age and the fact that he had been released from prison in Iowa without further required sex offender treatment. Age alone does not

warrant a downward departure (*see People v Stewart*, 63 AD3d 1588 [2009], *lv denied* 13 NY3d 704 [2009]). In addition, defendant's release from prison without the requirement that defendant obtain further sex offender treatment was based on the results of a polygraph examination administered to defendant just prior to his release in which he portrayed himself to be innocent, but the results of a polygraph examination are inadmissible in New York based on their unreliability (*see People v Shedrick*, 66 NY2d 1015, 1018 [1985], *rearg denied* 67 NY2d 758 [1986]; *People v DeLorenzo*, 45 AD3d 1402 [2007], *lv denied* 10 NY3d 763 [2008]; *People v Weber*, 40 AD3d 1267 [2007], *lv denied* 9 NY3d 927 [2007]). Furthermore, the claims of innocence by defendant at the polygraph examination were directly contrary to his admissions of guilt at the Iowa trial. Present—Scudder, P.J., Centra, Carni and Pine, JJ.