The People of the State of New York, Respondent, v Carlos Peterson, Appellant. [897 NYS2d 361]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered September 17, 2008. The judgment convicted defendant, upon a jury verdict, of assault in the second degree (two counts), criminal mischief in the fourth degree, resisting arrest and criminal trespass in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of assault in the second degree (Penal Law § 120.05 [3]). Contrary to defendant's contention, the assault conviction is supported by legally sufficient evidence establishing that both victims, each of whom was a police officer, sustained a physical injury (*see* § 10.00 [9]; *People v Wiggins*, 265 AD2d 905 [1999], *lv denied* 94 NY2d 908 [2000]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). One victim testified that, as a result of the assault by defendant, he sustained an elbow injury that required medical treatment, physical therapy and the use of anti-inflammatory medication. Four months after the incident, that victim was required to use an arm band to support the tendons in his arm and to enable him to use his arm effectively. The other victim testified that defendant punched him in the face with his closed fist, thereby causing swelling, bruising and a black eye. We conclude that the victims' injuries "were more than mere petty slaps, shoves, kicks and the like" (*People v Oree*, 58 AD3d 473, 474 [2009], *lv denied* 12 NY3d 819 [2009] [internal quotation marks omitted]), and we see no basis to disturb the jury's verdict (*see People v Fortuna*, 188 AD2d 683, 684 [1992], *lv denied* 81 NY2d 839 [1993]).

Defendant further contends that he was deprived of his right to a fair trial by prosecutorial misconduct. To the extent that defendant preserved for our review his contention with respect to the prosecutor's comments on summation, comparing "facts" to "fiction," we conclude that those comments were within the wide rhetorical bounds afforded the prosecutor (*see People v Lynch*, 60 AD3d 1479, 1480-1481 [2009], *lv denied* 12 NY3d 926 [2009]). Defendant failed to preserve for our review his contention that the prosecutor improperly shifted the burden of proof

to defendant on summation (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We agree with defendant that the prosecutor's cross-examination of defendant concerning his failure to call witnesses was improper inasmuch as the questioning may have appeared to shift the burden of proof to defendant (*see People v Hendrie*, 24 AD3d 871, 873 [2005], *lv denied* 6 NY3d 776 [2006]). Immediately after that line of questioning, however, County Court issued a curative instruction, advising the jury that the People and not defendant bore the burden of proof and that defendant had no obligation to call witnesses. "In order to believe that defendant bore any burden to [call] witnesses, the jury would have had to ignore not only the curative instruction, but also the detailed subsequent instructions on the burden of proof and the presumption of innocence" (*People v Diotte*, 63 AD3d 1281, 1283 [2009]). Furthermore, the prosecutor's line of questioning was brief and isolated (*see Hendrie*, 24 AD3d at 873). In view of all the circumstances, we conclude that "defendant's right to a fair trial was not compromised" (*Diotte*, 63 AD3d at 1283).

Finally, we reject defendant's contention that the sentences imposed on the assault counts must run concurrently. "Where, as here, separate acts are committed against different victims during the same criminal transaction, the court may properly impose consecutive sentences in the exercise of its discretion" (*People v Lemon*, 38 AD3d 1298, 1299 [2007], *lv denied* 9 NY3d 846, 962 [2007]). Present—Scudder, P.J., Centra, Carni and Pine, JJ.