■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN W. WILEY, Appellant. [989 NYS2d 324]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Kase, J.), rendered December 17, 2012, convicting him of sexual abuse in the first degree, forcible touching, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of sexual abuse in the first degree (Penal Law § 130.65 [1]), forcible touching (Penal Law § 130.52), and assault in the third degree (Penal Law § 120.00 [1]) beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643 [2006]). Contrary to the defendant's arguments, there was sufficient circumstantial evidence from which a reasonable jury could infer that the defendant subjected the complainant to sexual contact (*see* Penal Law § 130.00 [3]; *cf. People v McDade*, 14 NY3d 760, 761 [2010]) and additionally caused physical injury (*see* Penal Law § 10.00 [9]). Furthermore, the element of sexual gratification could be inferred from the circumstances and the defendant's conduct (*see People v Hill*, 34 AD3d 1130, 1131 [2006]; *People v Ortiz*, 16 AD3d 831, 833 [2005]).

The Supreme Court properly denied the defendant's request to charge the jury with respect to the defense of justification under the emergency doctrine since, viewing the evidence in the light most favorable to the defendant, there was no reasonable view of the evidence supporting the elements of the defense (*see* Penal Law § 35.05 [2]; *People v Rodriguez*, 16 NY3d 341, 345 [2011]; *People v Craig*, 78 NY2d 616, 623 [1991]; *People v Watts*, 57 NY2d 299, 301 [1982]).

The defendant's contention that he was denied a fair trial by certain remarks made by the prosecutor during summation is partially unpreserved for appellate review, as he failed to object

to many of the remarks about which he now complains (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Douglas*, 64 AD3d 726, 727 [2009]). In any event, most of the challenged remarks were within the broad bounds of rhetorical comment permissible in closing arguments, fair comment on the evidence, or responsive to arguments and theories presented in the defense summation (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Turner*, 214 AD2d 594 [1995]). To the extent that some of the prosecutor's remarks were improper, the defendant was not deprived of a fair trial by those remarks. Any other error in this regard was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to the defendant's convictions (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

The defendant's remaining contention is without merit. Dillon, J.P., Hall, Miller and Hinds-Radix, JJ., concur.