People v Lozier (2022 NY Slip Op 07077)

People v Lozier

2022 NY Slip Op 07077

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2020-07807
 (Ind. No. 245/19)

[*1]The People of the State of New York, respondent, 
v
Johnny Lozier, appellant.

LaMarche Sefranko Law PLLC, Cohoes, NY (Nicholas J. Evanovich III of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Jacob B. Sher of counsel; Heather A. Najman on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (Kevin F. Russo, J.), rendered September 1, 2020, convicting him of sexual abuse in the first degree and endangering the welfare of a child, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of each of the crimes of which he was convicted beyond a reasonable doubt. Contrary to the defendant's arguments, there was sufficient evidence that he subjected the complainant to sexual contact (see Penal Law § 130.00[3]), and, furthermore, the element of sexual gratification could be inferred from the circumstances and the defendant's conduct (see People v Wiley, 119 AD3d 821; People v Hill, 34 AD3d 1130, 1131; People v Ortiz, 16 AD3d 831, 833). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of a fair trial because he wore prison attire at trial is unpreserved for appellate review (see People v Ellis, 166 AD3d 993). The defendant did not mention the issue until after the People had rested and at no time did the defendant make an application for a mistrial or to adjourn in order to obtain civilian clothes (see CPL 470.05[2]; Estelle v Williams, 425 US 501; People v Ellis, 166 AD3d 993, 995; People v Shaw, 126 AD3d 1016, 1017; People v Bullock, 28 AD3d 673, 673). In any event, the contention is without merit (see People v Zeigler, 201 AD3d 972; People v Jones, 187 AD3d 612 People v Oliveri, 29 AD3d 330, 332).
CONNOLLY, J.P., CHRISTOPHER, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court