Memorandum. Order of the Appellate Term reversed and a new trial ordered.
Upon learning from court documents that defendant wished to represent himself without a lawyer, the trial court asked defendant whether he understood the charges against him. When defendant replied that he did, the court directed the People to proceed.
This summary and perfunctory disposition of the defendant’s constitutional right to counsel was insufficient to form the basis for a waiver. Such a waiver must be knowing and intelligent (see Carnley v Cochran, 369 US 506, 515; Johnson v Zerbst, 304 US 458, 464-465; Matter of Lawrence S., 29 NY2d 206, 208-209; People v Seaton, 19 NY2d 404, 406). It is the responsibility of the trial court to satisfy itself, through an examination of the defendant appropriate to the circumstances, that the waiver was knowing and intelligent (People v Seaton, supra, at p 406).
The purported "waiver” of the constitutional right to counsel in this case may also be analyzed as an assertion of the constitutional right to represent oneself. The result is the same. To establish a valid assertion of the right to represent oneself, the trial court must satisfy itself that the accompanying waiver of the right to counsel was competent, intelligent, and voluntary (People v Reason, 37 NY2d 351, 353; People v McIntyre, 36 NY2d 10, 17). The trial court’s single perfunctory question hardly discharged that responsibility.
Defendant contends that, if the order of the Appellate Term be reversed, the indictment should be dismissed since he has served his sentence. The Criminal Procedure Law provides that, upon reversal for error or defect which resulted in prejudice to a defendant or deprived him of a fair trial, a new trial must be ordered (CPL 470.20, subd 1; 470.40, subd 1). Cases in which the charges have been dismissed after a reversal because the defendant has served his sentence involved relatively minor crimes and offenses (People v Simmons, 32 NY2d 250 [unauthorized used of a motor vehicle]; *918 People v Scala, 26 NY2d 753 [petit larceny]; People v Kvalheim, 17 NY2d 510 [disorderly conduct]; People v Witenski, 15 NY2d 392 [petit larceny]). In none of these cases was there supporting rationale for the unusual result.
Moreover, in this case the crime was a serious one (and violent crimes are not the only serious crimes, e.g., bribery, recidivist forgery and grand larceny, perjury, obstruction of justice, weapon possession, drug sale, extortion, and many others), and for penological purposes it is relevant whether defendant committed the crime. Thus a new trial should be ordered.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.