█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BROWN, Appellant.—Judgment, Supreme Court, Bronx County, rendered November 19, 1975, convicting defendant after a jury trial of assault in the first degree and sentencing him as a predicate felon to an indeterminate term from 7½ to 15 years of imprisonment, unanimously affirmed. A defendant in a criminal trial may be granted permission to defend himself provided that, *inter alia,* the trial court is satisfied that he has intelligently waived his right to counsel *(People v McIntyre,* 36 NY2d 10, 17). From the commencement of the trial to the end of the People's case, the defendant proceeded *pro se.* He contends on appeal that his waiver of the right to counsel was unintelligently made, and, to sustain that contention, he relies on the paucity of questions asked by the Trial Judge on October 2, 1975. Apparently he has forgotten that the questions of that day were only to reassure the trial court that the defendant wished to continue to represent himself under a permission given the day before when the court more extensively questioned the defendant and found that he was of "average or above average intelligence", "well able to express himself", and "has indicated that he is familiar with the proceedings". The permission of *October 2* also reflected the knowledge of the defendant's ability to intelligently waive the right to counsel that the court had gained from observing his *Sandoval* request and his *voir dire* of the jury the day before. The permission of October 1 also reflected the knowledge of the court that once before the defendant had represented himself and was knowledgeable enough to ask for a *Wade* hearing and to accept an attorney when he felt that he needed one, just as he did in the trial itself after the People had rested their case. The other contentions raised in the briefs of the appellate counsel and the defendant persisting in acting on his own behalf are of insufficient merit to warrant discussion. Concur—Kupferman, J. P., Lupiano, Silverman and Lynch, JJ.