### (February 22, 1979)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER STINSON, Appellant.—Appeal from a judgment of the County Court of Sullivan County, rendered January 19, 1977, upon a verdict convicting defendant of the crimes of assault, second degree, and attempted assault, second degree. Judgment affirmed. No opinion. Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.

Mahoney, P. J., dissents and votes to reverse in the following memorandum. Mahoney, P. J. (dissenting). Pursuant to the Sixth and Fourteenth Amendments, a defendant in a State criminal trial has a right to proceed without counsel when he voluntarily and intelligently elects to do so (*Faretta v California*, 422 US 806), and the State Constitution specifically allows a defendant "to appear and defend in person" (NY Const, art I, § 6). The Court of Appeals has held that "A defendant in a criminal case may invoke the right to defend *pro se* provided: (1) the request is unequivocal

and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" *(People v McIntyre,* 36 NY2d 10, 17). Here, it is clear that defendant's request was timely and that he had not engaged in disruptive conduct. With regard to the second requirement the court explained in *McIntyre* that inquiry into the defendant's age, education, occupation and previous exposure to legal procedures is appropriate in determining the defendant's competency to waive counsel (p 17). Moreover, in *People v Reason* (37 NY2d 351, 356), the court rejected a defendant's contention that the trial court erred in allowing him to represent himself, noting that "the Trial Judge made a searching inquiry to determine whether the defendant's decision to waive counsel and proceed on his own was made knowingly and intelligently with full awareness of the risks and consequences." (See, also, *People v Medina,* 44 NY2d 199, 209-210.) On the other hand, in *People v Allen* (39 NY2d 916), the court found that a single inquiry as to whether defendant understood the charges against him was insufficient to form the basis for finding a knowing and intelligent waiver of the right to counsel. The inquiry of the trial court here was more extensive than the perfunctory single question in *People v Allen (supra),* but appears to fall short of the "searching inquiry" of *People v Reason (supra)* since there was no direct questioning of the defendant as to whether he was fully aware of the risks and consequences of waiving counsel and proceeding on his own. As explained in *Faretta v California (supra,* p 835), "Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" The court's inquiry here was limited to ascertaining that defendant wanted to represent himself and believed himself qualified to do so, that defendant had gone to college for one year and that defendant did not want a mental examination. Despite defendant's indication that he had no experience with trial work outside some difficulties he had been in, the court made no effort to ascertain whether defendant was cognizant of the traditional benefits associated with the right to counsel, which he was relinquishing. Such a limited inquiry cannot form a rational basis for finding a competent and intelligent waiver of counsel. (Compare *United States v Dujanovic,* 486 F2d 182, with *United States ex rel. Smith v Pavich,* 568 F2d 33.) It may well be that the specific factual background will in some instances excuse the Trial Judge's failure to give explicit warning and advice regarding the waiver of counsel (see *United States v Rosenthal,* 470 F2d 837, cert den 412 US 909), but in such cases the record will reveal that defendant was in fact knowledgeable about his right to counsel and what he was relinquishing *(id.;* see, also, *People v Brown,* 60 AD2d 540). The record herein does not establish such knowledge by the defendant. Apprehension of the nature of the charges and the possible range of punishment is also one of the foundations upon which a knowing and competent waiver of the right to counsel vests (see *Matter of Lawrence S.,* 29 NY2d 206, 208). The colloquy between the Judge and the defendant at the hearing to determine defendant's competence to represent himself concluded with defendant's assertion that "This is a childish matter", raising a substantial question as to defendant's understanding of the seriousness of the charges and the consequences of his decision to represent himself. The record also reveals a question as to whether defendant's request to represent himself was unequivocal. It is apparent that his

decision was based upon the belief that he and his assigned counsel could not "relate to one another", and he stated that "I'm requesting for an attorney that's capable because I can't go through this." While an indigent defendant is not entitled to assignment of counsel of his own choosing (see *People v Jackson,* 61 AD2d 1071), Trial Judges have a duty to "carefully evaluate serious complaints about counsel" and "where 'good cause' does exist a court is well advised to effect a change of counsel" *(People v Medina,* 44 NY2d 199, 207, *supra).* Here, the trial court failed to make the type of inquiry suggested in *Medina.* For all of the foregoing reasons, I find an insufficient basis for concluding that defendant made a knowing and intelligent waiver of the right to counsel and, accordingly, conclude that a new trial should be ordered *(People v Allen,* 39 NY2d 916, *supra).* I note that the trial court directed defendant's assigned counsel to be present at the trial and provide advice if requested by defendant and, in addition, both the trial court and prosecutor took steps to assist defendant in the presentation of his case. While these special efforts were appropriate under the circumstances, they do not serve to cure the failure to adequately ascertain whether defendant's waiver of the right to counsel was knowing and intelligent. Nor can it be said that this error, which is constitutional, was harmless (see *People v Crimmins,* 36 NY2d 230, 237). The judgment should be reversed, and a new trial ordered.