OPINION OF THE COURT
Memorandum.
Judgments of conviction unanimously reversed on the law and facts and accusatory instruments dismissed.
In the case at bar defendant was represented at the pretrial hearings and the trial by a recent law graduate, who had not been admitted to the Bar, under the auspices and direction of the Legal Aid Society of Nassau County. Such representation is permitted as an exception from the general prohibition of the unlicensed practice of law (see, Judiciary Law §§ 478, 484) provided such a program is approved by the Appellate Division of Supreme Court of the Department within which such person is employed. By order dated June 25, 1973, the Appellate Division, Second Department, granted the Nassau County Legal Aid Society permission to permit such person to represent defendants in misdemeanor cases involving simple issues of law provided that the defendant is aware of said facts and approves of said representation and that said recent law graduate is supervised by a lawyer present in the courtroom throughout the proceedings. (The foregoing order was extended by subsequent orders of the Appellate Division beyond the date of the conclusion of the instant matter.) A review of the proceedings indicate that at the Mapp hearing a recent law graduate appeared on behalf of defendant in the absence of an attorney. Additionally, not only does the record fail to contain a letter of consent signed by defendant but there is no indication that an admitted attorney was present in the courtroom during the trial. In view of the foregoing and in light of defendant’s allegations that he was not advised that he was represented by an unadmitted recent law graduate, that he did not consent to said representation and that there was no other "lawyer” present during the proceedings, it is this court’s opinion that said representation was in violation *585 of the guidelines set forth in the orders of the Appellate Division and deprived defendant of his constitutional right to be represented by counsel (see, People v Felder, 47 NY2d 287; see also, People v Leslie, 154 Misc 2d 325). Moreover, inasmuch as defendant has served the sentences, the accusatory instruments should be dismissed (see, People v Flynn, 79 NY2d 879; cf., People v Allen, 39 NY2d 916).
DiPaola, P. J., Ingrassia and Luciano, JJ., concur.