OPINION OF THE COURT
Memorandum.
Judgment of conviction reversed, on the law and as a matter of discretion in the interest of justice, and accusatory instrument dismissed.
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence was legally insufficient to support defendant’s conviction of aggravated harassment in the second degree. Although the complainant testified on direct examination to the nature and circumstances of defendant’s telephone call, she subsequently refused to adopt this testimony as accurate on cross-examination, maintaining that “it didn’t go that way.” In the absence of any other evidence demonstrating that the call was “likely to cause annoyance or alarm” (Penal Law § 240.30 [1]), defendant’s conviction of aggravated harassment in the second degree cannot be sustained.
Even if we were to conclude that defendant’s aggravated harassment conviction is based on legally sufficient evidence, the conviction, as well as defendant’s remaining conviction, must still be reversed on the ground that the trial court improperly admitted highly prejudicial evidence of prior crimes (see People v Molineux, 168 NY 264 [1901]). Generally, such evidence is inadmissible if its sole purpose is to show a defendant’s bad character or criminal propensity (see People v Santarelli, 49 NY2d 241, 247 [1980]). Even when such proof is offered for some other legitimate purpose, it must be excluded if its probative value is outweighed by its prejudicial effect (see People v Lewis, 69 NY2d 321, 325 [1987]; People v Short, 110 AD2d 205, 213 [1985]).
Here, the sheer volume and inflammatory nature of the proof allowed was unduly prejudicial to defendant notwithstanding its theoretical relevance. Some of the prior conduct was almost identical to the conduct for which defendant was charged and its prejudicial impact was exacerbated by the prosecutor’s excessive, improper comment thereon. Indeed, the prosecutor repeatedly exceeded the bounds of the court’s Molineux ruling by eliciting references to defendant’s prior incarceration and criminal history. Although some of the errors are not preserved, we *118 consider them in the interest of justice (see CPL 470.15 [3] [c]; [6] [a]) and conclude that their cumulative effect deprived defendant of a fair trial.
As defendant has served his sentence, and no penal purpose would be served by a new trial on the second degree criminal contempt charge, the accusatory instrument is dismissed in the exercise of discretion (cf. People v Allen, 39 NY2d 916, 918 [1976]). In light of the foregoing, we do not reach defendant’s remaining contentions.
Pesce, P.J., Weston Patterson and Rios, JJ., concur.