■ The People of the State of New York, Respondent, v Jay Jay Teron, Appellant. [22 NYS3d 862]—

Judgment, Supreme Court, Bronx County (George R. Villegas, J., at plea and original sentencing; John S. Moore, J., at

resentencing) rendered January 17, 2012, as amended April 12, 2012, convicting defendant of unlicensed operation of a motor vehicle, and sentencing him to time served, unanimously reversed, as a matter of discretion in the interest of justice, the plea vacated, and the matter remanded for further proceedings.

Initially, we need not address the issue of whether defendant's challenge to his plea has been preserved, as we consider this claim pursuant to our interest of justice jurisdiction (CPL 470.15 [3] [c]).

Defendant was not informed by the court of any of the rights he was waiving by pleading guilty (*see Boykin v Alabama*, 395 US 238 [1969]). While "the failure to recite the *Boykin* rights does not automatically invalidate an otherwise voluntary and intelligent plea . . . the record as a whole [must] affirmatively show[ ] that the defendant intentionally relinquished those rights" in order for the plea to be validly entered (*People v Conceicao*, 26 NY3d 375, 2015 NY Slip Op 08615, *2 [2015]). In this case, since the record is devoid of any indicia that would meet this standard, the plea must be vacated and that matter remanded to the trial court for further proceedings. Concur—Sweeny, J.P., Saxe, Richter and Gische, JJ.