The People of the State of New York, Respondent,
against
Raheem Mazyck, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Anil C. Singh, J.), rendered September 28, 2013, convicting him, upon a plea of guilty, of criminal sale of marihuana in the fourth degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Anil C. Singh, J.), rendered September 28, 2013, reversed, on the law, and the matter remanded for further proceedings on the accusatory instrument.
The record fails to support the conclusion that defendant's guilty plea was knowing, intelligent and voluntary, because the court accepted the plea at arraignment without addressing any of the rights defendant was waiving, and there are no circumstances reflecting his consultation with counsel (see People v Conceicao, 26 NY3d 375, 383—385 [2015]). Under the circumstances, the plea must be vacated and that matter remanded to the trial court for further proceedings. Unlike the parties in People v Tyrell, 22 NY3d 359, 366 (2013), the People do not agree that dismissal is the appropriate corrective action in this case (see People v Conceicao, 26 NY3d at 385 n). Moreover, the crime charged was a serious one, a Class A misdemeanor (see Penal Law § 221.40), which was based upon allegations that defendant sold marijuana to an undercover officer inside an apartment building. Thus, "for penological purposes, it is relevant whether defendant committed the crime" (People v Allen, 39 NY2d 916, 918 [1976]; see People v Teron, 135 AD3d 586 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 27, 2016