The People of the State of New York, Respondent, 
against
Andres Vicuna, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Anna Culley, J.), rendered June 1, 2014. The judgment convicted defendant, upon his plea of guilty, of disorderly conduct.




ORDERED that the judgment of conviction is reversed, on the law, defendant's guilty plea is vacated, and, as a matter of discretion in the interest of justice, the accusatory instrument is dismissed.
Defendant, while represented by counsel, pleaded guilty to disorderly conduct (Penal Law § 240.20), an uncharged violation, in satisfaction of an accusatory instrument which charged him with two counts of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), criminal sale of marihuana in the fourth degree (Penal Law § 221.40), and unlawful possession of marihuana (Penal Law § 221.05). He was sentenced to a conditional discharge in the same proceeding. On appeal, defendant contends that his guilty plea should be vacated since he did not enter into it knowingly, voluntarily, or intelligently. The People concede that the guilty plea should be vacated and the accusatory instrument dismissed in the interest of justice.
"Generally, in order to preserve a claim that a guilty plea is invalid, a defendant must move to withdraw the plea . . . or else file a motion to vacate the judgment of conviction pursuant to CPL 440.10" (People v Peque, 22 NY3d 168, 182 [2013] [internal citations omitted]; see also People v Conceicao, 26 NY3d 375, 381 [2015]). However, a narrow exception to the preservation requirement has been recognized where the particular circumstances of a case reveal that the defendant had no actual or practical ability to object to an alleged error in the taking of a plea that is clear from the face of the record (see People v Williams, 27 NY3d 212, 219-223 [2016]; People v Louree, 8 NY3d 541, 546 [2007]). Here, although defendant did not move to withdraw his plea or to vacate the judgment of conviction, since he was sentenced in the proceeding in which he entered his plea of guilty, he "faced a practical inability to move to withdraw [his] plea" (Conceicao, 26 NY3d at 381). Therefore, defendant's claim is reviewable on a direct appeal from the judgment of conviction (see People v Sougou, 26 NY3d 1052, 1054 [2015]).
As the People correctly concede, defendant's conviction must be reversed, as his plea allocution contained no discussion whatsoever of any of the constitutional rights he was waiving by pleading guilty, and there is no indication in the record that defendant had spoken with his [*2]attorney regarding the constitutional consequences of taking the plea before doing so or that, under the circumstances, defendant understood those rights (see Conceicao, 26 NY3d 375; People v Tyrell, 22 NY3d 359 [2013]).
Instead of reinstating the remainder of the accusatory instrument to its pre-pleading status (see CPL 470.55 [2]), we dismiss it, as a matter of discretion in the interest of justice, since defendant has completed his sentence and no penological purpose would be served by restoring the criminal action (see People v Moore, 48 Misc 3d 143[A], 2015 NY Slip Op 51337[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Facey, 30 Misc 3d 138[A], 2011 NY Slip Op 50224[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; cf. People v Allen, 39 NY2d 916, 917-918 [1976]).
Accordingly, the judgment of conviction is reversed, defendant's guilty plea is vacated, and the accusatory instrument is dismissed.
Elliot, J.P., Pesce and Aliotta, JJ., concur.
Decision Date: November 28, 2016