The People of the State of New York, Respondent,
against
Ricky Constable, Appellant.




Appellate Advocates (Angad Singh of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Jonathan K. Yi of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (John F. Zoll, J.), rendered October 31, 2014. The judgment convicted defendant, upon his plea of guilty, of possession of burglar's tools, and imposed sentence.




ORDERED that the judgment of conviction is reversed, on the law, defendant's guilty plea is vacated, and, as a matter of discretion in the interest of justice, the accusatory instrument is dismissed.
Defendant was charged with possession of burglar's tools (Penal Law § 140.35), petit larceny (Penal Law § 155.25) and criminal possession of stolen property in the fifth degree (Penal Law § 165.40), based on allegations that he had used wire cutters to remove the security device from a pair of sneakers and removed the sneakers from a store without paying for them. Defendant, while represented by counsel, pleaded guilty to possession of burglar's tools and was sentenced to time served in the same proceeding. On appeal, defendant contends that his guilty plea should be vacated since he did not enter into it knowingly, voluntarily, or intelligently.
"Generally, in order to preserve a claim that a guilty plea is invalid, a defendant must move to withdraw the plea . . . or else file a motion to vacate the judgment of conviction pursuant to CPL 440.10" (People v Peque, 22 NY3d 168, 182 [2013] [internal citations omitted]; see also People v Conceicao, 26 NY3d 375, 381 [2015]). However, a narrow exception to the [*2]preservation requirement has been recognized where the particular circumstances of a case reveal that the defendant had no actual or practical ability to object to an alleged error in the taking of a plea that is clear from the face of the record (see People v Williams, 27 NY3d 212, 219-223 [2016]; People v Louree, 8 NY3d 541, 546 [2007]). Here, although defendant did not move to withdraw his plea or to vacate the judgment of conviction, since he was sentenced in the proceeding in which he entered his plea of guilty, he "faced a practical inability to move to withdraw [his] plea[]" (Conceicao, 26 NY3d at 382). Therefore, defendant's claim is reviewable under the exception that has been carved out (see People v Sougou, 26 NY3d 1052, 1054 [2015]).
Under the circumstances presented, defendant's conviction must be reversed, as his plea allocution contained no discussion whatsoever of any of the constitutional rights he was waiving by pleading guilty, and there is no indication in the record that defendant had spoken with his attorney regarding the constitutional consequences of taking the plea before doing so or that, under the circumstances, defendant understood those rights (see Conceicao, 26 NY3d 375; People v Tyrell, 22 NY3d 359 [2013]).
Furthermore, as a matter of discretion in the interest of justice, we dismiss the accusatory instrument as only relatively minor offenses were charged in the instrument, and no penological purpose would be served by reinstating the proceedings as defendant has completed his sentence and will, in any event, be left with a lengthy criminal record (see People v Vicuna, 53 Misc 3d 153[A], 2016 NY Slip Op 51734[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; People v Barnes, 46 Misc 3d 137[A], 2015 NY Slip Op 50034[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Facey, 30 Misc 3d 138[A], 2011 NY Slip Op 50224[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; cf. People v Allen, 39 NY2d 916, 917-918 [1976]).
Accordingly, the judgment of conviction is reversed, defendant's guilty plea is vacated, and the accusatory instrument is dismissed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 04, 2019