The People of the State of New York, Respondent, 
against
Robert Goldwire, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Phyllis Chu, J.) rendered December 11, 2017, convicting him, upon his plea of guilty, of assault in the third degree and imposing sentence.




Per Curiam.
Judgment of conviction (Phyllis Chu, J.), rendered December 11, 2017, affirmed. 
Defendant pleaded guilty to third-degree assault in satisfaction of all the offenses charged in the underlying accusatory instrument, which alleged, inter alia, that defendant spat onto the face and head of his aunt; put his arm around her, scratched her arm, causing a laceration; stated to her that "you're lucky that's the only thing I did," and, after mentioning that complainant was suffering from cancer, stated "why don't we both end it tonight"; and that defendant threw a bag in complainant's bedroom, which struck and broke a glass covering a ceiling fan. Defendant was sentenced to a conditional discharge and the court issued an order of protection in favor of his aunt, which is to remain in force until December 10, 2022. 
Even assuming, without deciding, that the third-degree assault (see Penal Law § 120.00) and fourth-degree criminal mischief (see Penal Law § 145.00[1]) charges in the accusatory instrument were jurisdictionally defective, the remaining offense charged was jurisdictionally valid. However, the only relief that defendant requests is dismissal of the accusatory instrument. Since it cannot be said that no penological purpose would be served by remanding the matter for trial on the remaining offense (see People v Allen, 39 NY2d 916, 918 [1976]), dismissal is not warranted and therefore we affirm.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: July 01, 2019