People v Nunez (2019 NY Slip Op 07504)





People v Nunez


2019 NY Slip Op 07504


Decided on October 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2019

Manzanet-Daniels, J.P., Gische, Webber, Moulton, JJ.


10121 2634/01

[*1] The People of the State of New York, Respondent,
v
Luis Nunez, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Victorien Wu of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Alexander Michaels of counsel), for respondent.



Judgment, Supreme Court, New York County (Renee A. White, J.), rendered July 23, 2002, as amended July 30, 2010, convicting defendant, upon his plea of guilty, of robbery in the first degree, and sentencing him to a term of 10 years, unanimously affirmed.
As the People concede, defendant's guilty plea was invalid because there was no warning about postrelease supervision. Nevertheless, defendant is not entitled to his requested relief of dismissal of the indictment or, in the alternative, replacement of his conviction with a youthful offender adjudication.
Although defendant has served his sentence, dismissal of the indictment would be inappropriate, especially because he has committed a serious crime (see People v Conceicao, 26 NY3d 375, 385 n [2015]; People v Allen, 39 NY2d 916, 917-918 [1976]). His conviction of an armed felony renders him ineligible for youthful offender treatment (CPL 720.10[2][a][ii]), and we find no "mitigating circumstances that bear directly upon the manner in which the crime was committed" (CPL 720.10[3][i]) This was a gunpoint robbery, in which defendant fired shots (see e.g. People v Davis, 168 AD3d 616 [1st Dept 2019], lv denied 33 NY3d 975 [2019]).
Because defendant is not seeking to vacate his plea, but expressly seeks affirmance of his conviction if the requested relief is not granted, we affirm (see People v Teron, 139 AD3d 450 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 17, 2019
CLERK