People v Charlotten (2022 NY Slip Op 50392(U))

[*1]

People v Charlotten (Joshua)

2022 NY Slip Op 50392(U) [75 Misc 3d 129(A)]

Decided on May 12, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 12, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Hagler, Michael, JJ.

570240/18

The People of the State of New York,
Respondent,
against
Joshua Charlotten, Defendant-Appellant.

In consolidated criminal appeals, defendant appeals from two judgments of the Criminal
Court of the City of New York, New York County (David Frey, J.), rendered March 20, 2018,
convicting him, upon his pleas of guilty, of two counts of criminal mischief in the fourth degree,
and imposing sentence.

Per Curiam.
Judgments of conviction (David Frey, J.), rendered March 20, 2018, affirmed.
As part of a global resolution of two separate criminal prosecutions arising from allegations
that defendant damaged various buildings in Manhattan on separate dates, defendant pleaded
guilty to one count of criminal mischief in the fourth degree (see Penal Law §
145.00[1]) under docket number 2017NY048631 and one count of criminal mischief in the
fourth degree (see Penal Law § 145.00[3]) under docket number 2018NY011253, in
exchange for a sentence of a conditional discharge which required him to complete three days of
community service and time served, respectively.
On appeal, defendant alleges that the criminal mischief in the fourth degree charge in the
accusatory instrument under docket ending 253 was jurisdictionally defective. Significantly,
however, the only relief defendant requests is dismissal of the accusatory instrument under
docket ending 631, in addition to the dismissal of the remaining charges under docket ending
253, and he expressly requests that we affirm the convictions if we do not grant a dismissal. Even
accepting defendant's contention that the pleaded charge under docket ending 253 was
jurisdictionally defective, we do not find dismissal of the charges under docket ending 631 would
be appropriate. Moreover, since it cannot be said that no penological purpose would be served by
remanding the matter to Criminal Court for further proceedings on the criminal possession of a
weapon charged under docket ending in 253 (see People v Allen, 39 NY2d 916, 918
[1976]), dismissal is not warranted and therefore we affirm on this basis as well.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: May 12, 2022