People v Dotson (2025 NY Slip Op 50328(U))

[*1]

People v Dotson (Woodie)

2025 NY Slip Op 50328(U)

Decided on March 14, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 14, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570441/22

The People of the State of New York, Respondent,
against
Woodie Dotson, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Audrey E. Stone, J.), rendered July 27, 2022, convicting him, upon his plea of guilty, of criminal contempt in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Audrey E. Stone, J.), rendered July 27, 2022, affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). The combination of the court's oral colloquy with defendant, and the detailed written waiver that he signed after consultation with counsel, satisfied the requirements of a written waiver. This waiver forecloses review of defendant's confrontation claim.
Regardless of the validity of the waiver of the right to appeal, defendant waived his right of confrontation by pleading guilty (see People v Hansen, 95 NY2d 227, 230-231 [2000]).
In any event, even if the confrontation issue was properly raised on this appeal and had merit, the only relief defendant requests is vacatur of the plea and dismissal of the information, and he expressly requests this Court to affirm his conviction if it does not grant a dismissal. In view of the serious nature of the charges contained in the accusatory instrument, based upon allegations that defendant physically attacked his wife in violation of a valid order of protection, as well as the repetitive nature of defendant's violent conduct against his wife and his documented disregard of court orders, a penological purpose would be served by remanding the matter for further proceedings (see People v Conceicao, 26 NY3d 375, 385 n [2015]; People v Teron, 135 AD3d 586, 587 [2016]). Therefore, dismissal would not be an appropriate remedy and we affirm on this basis also.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: March 14, 2025