People v Telfair

2026 NY Slip Op 50713(U)

April 30, 2026

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Unclassified

The People of the State of New York, Respondent,

v

Donald Telfair, Appellant.

Supreme Court, Appellate Term, Second Department, 9th And 10th Judicial Districts

Decided on April 30, 2026

2025-827 S CR

Present: : Joseph R. Conway, J.P., Timothy S. Driscoll, Maureen T. Liccione, JJ

Richard L. Herzfeld, for appellant.
Suffolk County District Attorney (Karla Lato of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (F. Scott Carrigan, J.), rendered April 14, 2025. The judgment convicted defendant, upon a purported plea of guilty, of petit larceny, and imposed sentence.

[*1]

ORDERED that the judgment of conviction is reversed, as a matter of discretion in the interest of justice, and the accusatory instrument is dismissed.

On April 14, 2025, defendant was sentenced on his conviction of petit larceny (Penal Law § 155.25) under docket No. CR-026382-24SU, which conviction was entered upon his purported plea of guilty to that offense on January 8, 2025.

On appeal, defendant argues that his appeal waiver was not knowing, voluntary, and intelligent; that he was deprived of his right to due process when the District Court imposed an enhanced sentence without making further inquiry to determine whether he had violated a presentence condition of his plea agreement by being arrested for a new offense; that this court should apply CPL 420.35 (2-a) to vacate the mandatory surcharge and fees imposed at sentencing despite defendant being over age 21 at the time of the subject offense; and, alternatively, that [*2]CPL 420.35 (2-a) is unconstitutional because its limitation of relief to persons under age 21 at the time of the offense constitutes impermissible discrimination.

While defendant is correct that the record does not establish that his waiver of the right to appeal was knowing, voluntary, and intelligent, defendant's remaining appellate contentions lack merit for the reasons stated in People v Telfair (___ Misc 3d ___, 2026 NY Slip Op _____ [appeal No. 2025-822 S CR], decided herewith). Nevertheless, we reverse the judgment of conviction because a review of the minutes of the plea proceeding reveals that, though defense counsel indicated defendant's intention to plead guilty to the petit larceny charge under docket No. CR-026382-24SU, the District Court did not allocute defendant on, and defendant never admitted that he was guilty of, that offense (see People v Ali, 66 Misc 3d 139[A], 2020 NY Slip Op 50095[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). Since defendant has completed his sentence and no penological purpose would be served by reinstating the proceedings, as a matter of discretion in the interest of justice, we dismiss the accusatory instrument (see People v Kwas, 54 Misc 3d 138[A], 2017 NY Slip Op 50147[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; cf. People v Allen, 39 NY2d 916, 917-918 [1976]).

Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.

CONWAY, J.P., DRISCOLL and LICCIONE, JJ., concur.

ENTER:

Jennifer Chan

Chief Clerk

Decision Date: April 30, 2026